O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PACKARD, PACKARD, PACKARD & LAPRAY, JOHN HOCK, AND KILEY STROUD,<br><br>          Appellants,<br><br>   v.<br><br>KEITH COOPER,<br><br>          Appellee. | No. SA CV 07-548 (PA)<br><br>OPINION AFFIRMING BANKRUPTCY COURT JUDGMENT |

Before the Court is an appeal from a final Plan Confirmation Order entered by the United States Bankruptcy Court for the Central District of California, Santa Ana Division. On September 14, 2007, appellants David Packard, Packard, Packard & Lapray, and John Hock (collectively, "Packard"), and Kiley Stroud ("Stroud") (collectively, "Packard and Stroud" or "Appellants") filed this appeal. The appellee is Keith Cooper ("Cooper" or "Appellee"), liquidating trustee of the TGA Liquidating Trust (the "Trust") as successor in interest to the arguments previously asserted by debtor Trigem America Corporation ("Trigem" or "Debtor") and the Official Committee of Creditors Holding Unsecured Claims (the "Committee"). Pursuant to Federal Rule of Civil Procedure 78, Local Rule 7-15, and

Federal Rule of Bankruptcy Procedure 8012, the Court finds that this matter is appropriate for decision without oral argument.

## I.      FACTUAL & PROCEDURAL BACKGROUND

On June 3, 2005, Trigem commenced bankruptcy proceedings by filing a voluntary petition under Chapter 11 of the Bankruptcy Code.   On July 13, 2006, Trigem and the Committee proposed a liquidation plan, and filed the First Amended Liquidating Plan of Reorganization (the "Plan") and Disclosure Statement.

The Plan provides for the establishment of the Trust to receive all assets of the bankruptcy estate.  Creditors Hewlett Packard Co. ("HP") and Toshiba Corp. ("Toshiba") will serve as board members of the Trust, along with a third member nominated jointly by Korea Development Bank ("KDB") and the National Agricultural Cooperative Foundation ("NACF").  Cooper is designated as the trustee. The Plan also prioritizes the claims of Trigem's creditors into a class of secured claims, three classes of general unsecured claims designated Classes 1 through 3, and a fourth class of interest holders designated Class 4. The Plan provides for full payment of various administrative expenses, priority tax claims, the secured claims, and the Class 1 general unsecured claims, pro rata payment of the Class 2 claims from any remaining assets of the Trust, and no payment of the remaining claims.

On July 17, the bankruptcy court approved the Disclosure Statement, and set August 11 as the last day for creditors to vote for acceptance or rejection of the Plan and as the last day for creditors to file objections to confirmation of the Plan.  On August 11, Packard and Stroud, who are each currently litigating class action lawsuits against Trigem, asserted Class 2 claims under the Plan for $150 million and $1.5 billion respectively, voted to reject the Plan and filed objections.  Though six of the remaining seven Class 2 claim holders voted to accept the Plan, the purported value of the class action claims represented such a high percentage of the amount of Class 2 claims that the Plan could not be approved by the class without Packard and Stroud's approval.  See 11 U.S.C. § 1126(c) ("A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated

1    under subsection (e) of this section, that hold at least two-thirds in amount and more than

2    one-half in number of the allowed claims of such class held by creditors, other than any

3    entity designated under subsection (e) of this section, that have accepted or rejected such

4    plan.").

5         The Committee then filed objections to Packard's and Stroud's claims, and sought an

6    estimation of their claims for voting purposes only from the bankruptcy court.  After

7    extensive briefing, the court held a two-day evidentiary hearing on the matter and ruled on

8    February 21, 2007, that the claims should be estimated for voting purposes at $10,955,435

9    and $22,328,271 respectively.  Using these estimates, the Committee reported that a two-

10   thirds majority of the amount of Class 2 claims and a one-half majority of the number of

11   claims had voted to accept the Plan.  Accordingly, the bankruptcy court found that Class 2

12   had voted to accept the Plan, and that 11 U.S.C. § 1129(a)(10) had been satisfied, as

13   required for confirmation.  The court announced that it would confirm the Plan with some

14   modifications on April 25, and then entered an order to that effect on May 9, to become

15   effective on May 21.

16        After the hearing, Packard and Stroud filed a motion to stay the order confirming the

17   Plan pending appeal.  They argued to the bankruptcy court that Hewlett Packard, Toshiba,

18   KDB, NACF, and Cooper are not qualified to serve as Trust fiduciaries and that the

19   procedure by which their Class 2 claims were discounted for voting purposes was improper.

20   The court denied the motion on May 14.  That same day, Packard and Stroud filed a Notice

21   of Appeal and Emergency Motion in this Court seeking the same relief requested of the

22   bankruptcy court.  This Court denied that motion on May 18. Appellants now appeal the

23   final Plan Confirmation Order pursuant to 28 U.S.C. § 158(a).

24        Appellee filed a Motion to Augment Record on Appeal and Request for Judicial

25   Notice on October 5, 2007.  This Court granted the Motion as to the request to augment the

26   record on appeal on October 25.  This Court now takes judicial notice of Supplemental

27   Excerpts of Record Nos. 130, 131, 132, and 134, concerning post-Confirmation

28   developments, pursuant to Federal Rule of Evidence 201.  Although the Motion does not

-3-

1   discuss Supplemental Excerpt of Record No. 133, submitted with the Motion, the Court

2   takes judicial notice of Supplemental Excerpt No. 133 as well, as it consists of a prior order

3   by this Court.

4

5   **II.    STANDARD OF REVIEW**

6          "An order approving a reorganization plan is reviewed for an abuse of discretion.  A

7   court abuses its discretion 'when it bases its decision on an erroneous view of the law or a

8   clearly erroneous view of the facts.'"  First Fed. Bank of Cal. v. Cogar (In re Cogar), 210

9   B.R. 803, 808 (B.A.P. 9th Cir. 1997) (internal citation omitted) (quoting Lewis v. Tel.

10  Employees Credit Union, 87 F.3d 1537, 1557 (9th Cir. 1996)); see also Computer Task

11  Group, Inc. v. Brotby (In re Brotby), 303 B.R. 177, 184 (B.A.P. 9th Cir. 2003).  "The

12  bankruptcy court must confirm a Chapter 11 debtor's plan of reorganization if the debtor

13  proves by a preponderance of the evidence either (1) that the Plan satisfies all thirteen

14  requirements of 11 U.S.C. § 1129(a), or (2) if the only condition not satisfied is the eighth

15  requirement, 11 U.S.C. § 1129(a)(8), the Plan satisfies the 'cramdown' alternative to this

16  condition found in 11 U.S.C. § 1129(b), which requires that the Plan 'does not discriminate

17  unfairly' against and 'is fair and equitable' towards each impaired class that has not accepted

18  the Plan."  Liberty Nat'l Enter. v. Ambanc La Mesa Ltd. P'ship (In re Ambanc La Mesa Ltd.

19  P'ship), 115 F.3d 650, 653 (9th Cir. 1997) (citations omitted).

20         Appellants assert that mixed questions of law and fact are reviewed de novo.  See In

21  re Capital W. Investors, 186 B.R. 497, 499 (Bankr. N.D. Cal. 1995).  Appellants, however,

22  fail to explain which questions on appeal are mixed questions of law and fact, if any.  The

23  Court deems this issue abandoned, as it is not supported by argument.  See Wilkins v.

24  United States, 279 F.3d 782, 786 (9th Cir. 2002); Kohler v. Inter-Tel Tech., 244 F.3d 1167,

25  1182 (9th Cir. 2001) ("Issues raised in a brief which are not supported by argument are

26  deemed abandoned."); Entm't Research Group, Inc. v. Genesis Creative Group, Inc., 122

27  F.3d 1211, 1217 (9th Cir. 1997) ("[j]udges are not like pigs, hunting for truffles buried in

28  briefs" (alternation in original)).

1 | III.    **ANALYSIS**

2       Appellants make a series of arguments that the Plan violates various provisions of the

3  Bankruptcy Code.  The arguments can be categorized mostly as variations on a theme

4  Appellants have been pursuing since the proceedings in the Bankruptcy Court: the Plan is

5  inequitable because it gives other creditors more power and protection than it gives

6  Appellants.  This theory attempts to find support in Appellants' claim that the Trust board is

7  crippled by conflicts of interest, and the other allegedly self-serving creditors are incapable

8  of acting fairly.  Appellants, however, have not explained adequately why the Plan's

9  protections against conflicts of interest are insufficient.  And Appellants' other, more

10  technical arguments carry no greater weight.  The Court will address each of Appellants'

11  arguments in turn.[1/]

12       **1.    Reversal Is Not Required By the Bankruptcy Court's "Boilerplate"**

13            **Conclusions**

14       Appellants argue that the bankruptcy court's findings of fact and conclusions of law

15  in support of confirmation of the Plan are boilerplate and require reversal.  What matters on

16  _____

17  [1/]      As a preliminary matter, Appellee attacks the appeal generally by claiming that the

18  appeal is moot because the Plan has been substantially consummated.  See, e.g., Bank of
    Montreal v. Official Committee of Unsecured Creditors (In re Am. HomePatient, Inc.), 420

19  F.3d 559, 563 (6th Cir. 2005).  Substantial consummation under the Bankruptcy Code
    means:

20
                (A) transfer of all or substantially all of the property proposed by

21            the plan to be transferred;

22            (B) assumption by the debtor or by the successor to the debtor

23            under the plan of the business or of the management of all or
              substantially all of the property dealt with by the plan; and

24
              (C) commencement of distribution under the plan.

25
26  11 U.S.C. § 1101.  Appellee admits that there has been no distribution to creditors yet.  (See
    Appellee's Opening Brief, p. 19.)  The appeal is therefore not moot under the plain language

27  of the statute.  See In re Antiquities of Nev., Inc., 173 B.R. 926, 929 (B.A.P. 9th Cir. 1994)
    (describing different approaches to defining "substantial confirmation," both of which

28  include distributions to creditors).

1    appeal, however, is whether the findings were properly supported, not whether the

2    bankruptcy court spelled out its reasoning for each finding in pedantic detail.  See, e.g.,

3    Simeonoff v. Hiner, 249 F.3d 883, 891 (9th Cir. 2001) (citing Unt v. Aerospace Corp., 765

4    F.2d 1440, 1444 (9th Cir. 1985)).  Appellants have done little to develop their argument that

5    the record does not support confirmation of the Plan, failing to explain what should be in the

6    record but is not.  Accordingly the Court finds no reason to reverse on this ground.

7        **2.**        **There is No Abuse of Discretion as to the Bankruptcy Court's Application**

8                  **of 11 U.S.C. § 1123(a)(7)**

9          Appellants argue that the Plan violates 11 U.S.C. § 1123(a)(7), which requires that a

10   reorganization plan "contain only provisions that are consistent with the interests of creditors

11   and equity security holders and with public policy with respect to the manner of selection of

12   any officer, director, or trustee under the plan and any successor to such officer, director, or

13   trustee."  Appellants argue that the Plan violates this subsection for several different reasons.

14         First, Appellants make vague allegations regarding conflicts of interest among the

15   Trust board members and Trustee of the Trust, claiming that these conflicts of interest

16   violate public policy.  In Appellants' prior Emergency Motion, the Court rejected this

17   argument because it was unsupported and because even assuming there were conflicts of

18   interest, Appellants failed to explain how the Trust board's recusal mechanism was

19   insufficient.  Once again, Appellants have failed to explain why the Trust board's recusal

20   mechanism is insufficient.  Appellants have not even attempted to correct this inadequacy in

21   their prior argument, despite having it brought to their attention by this Court.

22         Appellants also argue that section 1123(a)(7) is violated because the Plan provides

23   exculpation for negligence.  This issue was addressed in the prior Emergency Motion as

24   well.  The exculpation provision, which was approved by the Class 2 claim holders,

25   expressly excludes claims of "gross negligence, willful misconduct and breach of fiduciary

26   duty" and is limited in its effect "[t]o the maximum extent provided by law," so that it

27   cannot possibly cover conduct that would be unlawfully exculpated.  "The trend among

28   bankruptcy courts . . . has been to confirm chapter 11 plans with express discharge or

1    indemnification provisions for nondebtors if they meet certain tailored criteria or overall

2    necessity." In re Birting Fisheries, Inc., 300 B.R. 489, 504 n.16 (B.A.P. 9th Cir. 2003)

3    (citing In re WCI Cable, Inc., 282 B.R. 457, 479 (Bankr. D. Or. 2002) ("[i]ndemnification

4    and exculpation clauses can be included in chapter 11 plans as the products of negotiation

5    among interested parties," though "decisions in the Ninth Circuit appear not to favor

6    exculpation or indemnification provisions that limit liability for negligence or breaches of

7    fiduciary duties")).

8          Finally, Appellants argue that section 1123(a)(7) is violated because claimants

9    against the liquidating trustee, Trust board members, or any of their officers, members,

10   employees, professionals, agents, or representatives are limited to recovering from the assets

11   of the estate.  As in the prior Emergency Motion, Appellants have cited no law in support of

12   this theory.

13         It is not entirely clear what Appellants' second and third arguments have to do with

14   the selection of an officer, director or trustee pursuant to section 1123(a)(7).  Even if they

15   were pertinent under a broad interpretation of section 1123(a)(7)'s public policy

16   requirement, however, they would fail for the reasons stated above.  Appellants have not

17   demonstrated that the bankruptcy court abused its discretion in finding that the Plan

18   complies with section 1123(a)(7).

19         **3.    There is No Abuse of Discretion as to the Bankruptcy Court's Application**

20              **of 11 U.S.C. § 1125(a)(5)**

21         Appellants argue that the Plan violates 11 U.S.C. § 1129(a)(5)(A)[2/], which requires

22   that:

23              (i) [t]he proponent of the plan has disclosed the identity and

24              affiliations of any individual proposed to serve, after

25              confirmation of the plan, as a director, officer, or voting trustee

26              of the debtor, an affiliate of the debtor participating in a joint

27   _____

28   [2/]    Appellants quote section 1129(a)(5)(A)(ii), although they cite the quote as section
     1123(a)(7).  (Appellants' Brief, p. 20.)

1                      plan with the debtor, or a successor to the debtor under the plan;

2                      and

3                      (ii) the appointment to, or continuance in, such office of such

4                      individual, is consistent with the interests of creditors and equity

5                      security holders and with public policy.

6 To the extent that Appellants argue that the appointment to or continuance in an office of an

7 individual under the Plan is inconsistent with the interests of creditors, equity security

8 holders, and public policy, the vagueness of the arguments and lack of an explanation as to

9 why the Plan's recusal provisions are insufficient to solve any conflicts of interest likewise

10 preclude a finding of an abuse of discretion on this ground.

11      Appellants make a more pointed argument that the Plan fails to comply with section

12 1129(a)(5)(A)(i)'s disclosure requirements because two of the individuals who will serve on

13 the Trust board—one an unnamed person representing and selected by HP, one an unnamed

14 person representing and selected jointly by KDB and NACF—were not disclosed.  It is clear

15 from the face of the statute, however, that there is no requirement that the identity and

16 affiliations of Trust board members be disclosed.  See 11 U.S.C. § 1129(a)(5)(A)(i); In re

17 Beyond.com Corp., 289 B.R. 138, 145 (Bankr. N.D. Cal. 2003).  The court in In re

18 Beyond.com Corp. did read the statute broadly enough to encompass disclosure of the

19 identities of board members, but it acknowledged that its reading was not required by

20 statute, and it discussed other problems with the plan in that case simultaneously.  See id.

21 The Court therefore finds no abuse of discretion on this ground.

22      **4.**     **There is No Abuse of Discretion as to the Bankruptcy Court's Application**

23                **of 11 U.S.C. § 1129(a)(10)**

24      Appellants argue that the Plan violates 11 U.S.C. § 1129(a)(10), which requires that

25 "[i]f a class of claims is impaired under the plan, at least one class of claims that is impaired

26 under the plan has accepted the plan, determined without including any acceptance of the

27 plan by any insider."  Appellants take issue with the fact that the Plan proponents did not

28 object to Appellants' claims against Trigem until after ballots for or against the Plan were

1   cast on August 11, 2006.  Thus, they contend, there was no acceptance of the Plan by an

2   impaired class as of the date of the vote because at that point Appellants' votes, which were

3   given significantly more weight before they were objected to, outweighed those of Plan

4   proponents.  There is no legal prohibition, however, on filing a claim objection after a

5   creditor votes to reject a reorganization plan.  See 11 U.S.C. § 502(a); Fed. R. Bankr. Proc. §

6   3007; In re Orosco, 77 B.R. 246, 250 (Bankr. N.D. Cal. 1987).  Because the Bankruptcy

7   Code allows objections to claims to be filed even after a creditor votes to reject a

8   reorganization plan, the motives of Trigem and the Committee in doing so are irrelevant.

9   The bankruptcy court therefore did not abuse its discretion in failing to find a violation of 11

10  U.S.C. § 1129(a)(10).

11          **5.      There is No Abuse of Discretion as to the Bankruptcy Court's Application**

12                 **of 11 U.S.C. § 1129(a)(7)(a)(ii)**

13          Appellants argue that the Plan violates 11 U.S.C. § 1129(a)(7), which requires that

14  holders of a claim in an impaired class "will receive or retain under the plan on account of

15  such claim or interest property of a value, as of the effective date of the plan, that is not less

16  than the amount that such holder would so receive or retain if the debtor were liquidated

17  under chapter 7 of this title on such date."  Appellants argue that section 1129(a)(7) was

18  violated because the liquidation analysis was hypothetical, and because it was attached to the

19  disclosure statement and not admitted into evidence.  Appellants also argue that the

20  liquidation analysis could not be relied on because its stated effective date was June 20,

21  2006, eleven months before the date of confirmation.

22          The application of the "best interests" tests, comparing what creditors would receive

23  under Chapter 7 versus Chapter 11, must be based on a hypothetical application of Chapter 7

24  to a Chapter 11 plan.  See In re Lisanti Foods, Inc., 329 B.R. 491, 500 (Bankr. D. N.J. 2005).

25  And at least one federal circuit has explicitly found that a separate liquidation analysis

26  submitted to the court is not required if a liquidation analysis is included in a disclosure

27  statement.  See Tranel v. Adams Bank & Trust Co. (In re Tranel), 940 F.2d 1168, 1172 (8th

28  Cir. 1991).

-9-

The language of section 1129(a)(7) does appear to require that the "best interests" comparison be effective as of the date of the Plan.  The Court, however, is unable to locate an objection to the use of an allegedly stale liquidation analysis at the bankruptcy court level.  Appellants did object to the Plan on 1129(a)(7) grounds, but did not object to the date of the liquidation analysis.  (Excerpts of Record Tab 5, pp. 11–12; Tab 6, pp. 11–12.)  Yet closer to the date of the Confirmation of the Plan, when a staleness objection would appear more likely, Appellants still neglected to object to the use of the liquidation analysis although they made plenty of other objections to the Plan.  (<u>See, e.g.</u>, Excerpts of Record Tab 48, Tab 73.)  By failing to object to the bankruptcy court's reliance on the liquidation analysis, Appellants have failed to preserve this issue on appeal.  See <u>Price v. Kramer</u>, 200 F.3d 1237, 1252 (9th Cir. 2000).

Even if Appellants did not waive this argument, however, they have failed to show that there has been any change since the submission of the liquidation analysis such that the outcome of the "bests interests" test may have been different had the bankruptcy court not relied on it at the time of confirmation.  This Court therefore finds no abuse of discretion on this ground.

### 6.   There is No Abuse of Discretion as to the Bankruptcy Court's Application of 11 U.S.C. § 1123(a)(4)

Appellants argue that the Plan violates 11 U.S.C. § 1123(a)(4), which requires that a reorganization plan "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest."  Appellants claim that because some Trust board members have powers that other creditors do not, including the power to change management, the Plan treats members of the same class differently.  The case Appellant relies on, <u>Acequia, Inc. v. Clinton (In re Acequia)</u>, however, clarifies that this provision refers to treatment of "claims" or "interests," and distinguishes between a creditor's position as a claimant and a creditor's position as a provider of services to the estate.  See 787 F.2d 1352, 1363 (9th Cir. 1986).  That case does not suggest that one creditor having the power to

-10-

1  change management violates section 1123(a)(4), as Appellants claim; it simply states that in

2  their capacity as claimants against the debtor, parties must be treated alike.  Id. ("Both Haley

3  and Clinton are prohibited from *exercising their shareholder voting rights* to elect or remove

4  directors; neither may act *in his or her capacity as a shareholder* to alter the composition of

5  the board of directors." (emphasis added)).  The Court therefore finds no abuse of discretion

6  on this ground.

7       **7.     There is No Abuse of Discretion as to the Bankruptcy Court's Application**

8       **of 11 U.S.C. § 1129(b)(2)(B)(ii)**

9       Appellants argue that the Plan violates 11 U.S.C. § 1129(b)(2)(B)(ii), the absolute

10  priority rule, which requires that "[w]ith respect to a class of unsecured claims . . . the holder

11  of any claim or interest that is junior to the claims of such class will not receive or retain

12  under the plan on account of such junior claim or interest any property."  Appellants claim

13  that the rule is violated because the claims of KDB and NACF, who own sixty percent of the

14  stock of Trigem's parent company, are subject to subordination, and because KDB and

15  NACF retain management and control of the Trust through their power to designate a board

16  member.

17      On August 2, 2007, Appellee filed challenges to the claims of KDB and NACF,

18  seeking to disallow or subordinate those claims.  Even assuming the claims are subordinated

19  and the absolute priority rule applies, however, it is unclear how section 1129(b)(2)(B)(ii) is

20  violated by KDB and NACF's power to designate a Trust board member.  Appellants appear

21  to argue that KDB and NACF "retain" property for "purposes of control" because they are

22  claimants entitled to appoint a Trust board member.  This argument misinterprets the

23  language of Nw. Bank Worthington v. Ahlers, 485 U.S. 197, 208, 108 S. Ct. 963, 969, 99 L.

24  Ed. 169 (1988), which Appellants cite for support.  In that case, the Supreme Court clarified

25  that retention of an interest by a junior creditor, even if "only for purposes of control,"

26  violated the absolute priority rule if a dissenting senior creditor was not provided for in full.

27  See id.

28  . . . .

But Appellants have provided no support for the proposition that section 1129(b)(2)(B)(ii) was concerned with the status of claims prior to distribution.  Having a claim pre-distribution that allows a creditor to appoint a Trust board member is not equivalent to keeping property post-distribution—which is what section 1129(b)(2)(B)(ii) addresses.  If the Plan provides for full distribution to senior creditors before any distribution to junior creditors, there does not appear to be any violation of the absolute priority rule, regardless of whether those junior creditors choose a board member or not.  The Court therefore finds no abuse of discretion on this ground.

**8.      There is No Abuse of Discretion as to the Bankruptcy Court's Application of 11 U.S.C. § 1129(b)(1), § 1129(a)(3), § 1129(a)(1), or § 1129(a)(2)**

Appellants argue generally that based on the same facts used to support their more specific arguments, the following subsections of 11 U.S.C. § 1129 are also violated: section 1129(b)(1), requiring that a reorganization plan "does not discriminate unfairly, and is fair and equitable;" section 1129(a)(3), requiring that a plan "has been proposed in good faith and not by any means forbidden by law;" section 1129(a)(1), requiring that a plan comply with the applicable provisions of Title 11 of the United States Code; and section 1129(a)(2), requiring that the proponent of a plan comply with the applicable provisions of Title 11 as well.  For the same reasons that Appellants' more specific claims fail, these general claims also fail.

Appellants do flesh out their section 1129(a)(2) argument slightly that the Plan proponents failed to provide adequate disclosure of information pursuant to 11 U.S.C. § 1125.  Appellants provide a list of allegedly key information not disclosed.  Yet this list consists, once again, of vague assertions of conflicts of interest, and the argument is not adequately explained or supported.  Similarly, in their Reply, Appellants close with a long argument concerning post-Confirmation adversary proceedings and what they reveal about these alleged conflicts of interest.  In order to find an abuse of discretion by the bankruptcy court, however, this Court must find that the bankruptcy court took an erroneous view of the law or a clearly erroneous view of the facts.  In re Cogar, 210 B.R. at 808.  Nebulous

allegations about the relationships of other parties involved in this matter are insufficient. Appellants simply have not met their burden to demonstrate to this Court that the bankruptcy court erred.

**CONCLUSION**

For all the foregoing reasons, the Court affirms the bankruptcy court's order confirming the Plan.

DATED:  November 13, 2008

_____

Percy Anderson
UNITED STATES DISTRICT JUDGE

-13-